DWINEL *versus* BARNARD *&* al.

When parties each have a real interest in carrying forward an enterprise, (though the interest of one may be distinct from that of the other,) and the one agrees to pay the other a proportion of the expenses incurred by that other in sending a number of men from their place of residence to a distant point to protect the enterprise, "and of all expenses in connection therewith," the wages and expenses of the men *while returning*, (if they return immediately after having performed the service,) are within the contract.

The agreed portion of such expenses may be recovered under the contract, although the plaintiff who *incurred* them, has not actually *paid* them. His *liability* to pay is a sufficient ground of action.

THIS case was before the court on a former occasion. 28 Maine, 554.

The plaintiff had made a canal or cut, to unite the waters of the Allegash with the upper waters of the Penobscot, and given permission to the defendants to run their logs through, for which they promised him, *inter alia*, to pay one half of

all expenses, incurred by him in bringing up to said cut from Bangor about fifty men to protect and guard said cut, "and all expenses in connection therewith."

The plaintiff proved, that he employed the men and paid them their bills in part, and is liable to pay them the residue. This suit is brought to recover one half of their wages and expenses, while on their way to the cut and while returning from the same.

The defendants contended, that the plaintiff is not entitled to recover for any of the wages or expenses, which he had not *actually paid.*

The defendants further contended, that they were not liable for the wages or expenses of the men, while returning from the canal to Bangor.

The instructions to the jury were, that if the plaintiff had incurred the expenses, and was liable therefor, it was no defence, that he had not actually paid them ; and that if it was either expressly or impliedly, agreed by the plaintiff with the men, that their wages and expenses should be paid while returning, and they did return immediately after the defendants' logs had been passed through the canal, their wages and expenses might be regarded as "connected with the bringing up the men to guard the cut," and be recovered for in this suit. To these instructions the defendants excepted.

*Ingersoll* and *Washburn,* for the defendants.

1. The liability of the defendants does not depend on the agreement which the plaintiff may have made to pay the wages and expenses of the men while returning, but whether such an agreement was a necessary or a reasonable one.

2. Until the plaintiff shall have *actually paid* the expenses he can maintain no suit for reimbursement. His mere liability to pay is not a legal ground of action.

*Rowe,* for the plaintiff.

HOWARD, J. — This case has been presented to us before, on a report of the evidence, *Dwinel* v. *Barnard & al.* 28 Maine, 554. It was then held, that the plaintiff was entitled

to recover upon the contract; and the amount of damages, which were then unsettled, have since been determined by verdict. The cause is now presented on exceptions to the instructions given to the jury at the trial.

By the written contract, the defendants were to pay, in addition to two shillings for every thousand feet of their timber " run through the plaintiff's cut," " *one half of all expenses incurred by said Dwinel in bringing up to said cut, from Bangor, about fifty men to protect and guard said cut, and all expenses in connection therewith.*" The controversy is now, principally, respecting the construction of that portion of the contract last above quoted.

What were the expenses incurred by the plaintiff, and whether they were within the meaning of the contract, as interpreted by the court, were questions which the presiding Judge properly submitted to the jury. Whether the plaintiff has paid, or is liable, only, to pay those expenses, cannot operate on his right to recover of the defendants. They are not affected by his independent contract with others, either in the breach or observance, but their liability arises from their own contract, and is to be measured in this particular by the expenses incurred. The instructions in this respect were correct.

The defendants contended, that the plaintiff, under the contract with them, had no right to charge and recover for the time and expenses of the return of the men employed. But the instructions to the jury were, that the plaintiff could not recover for the wages of these men, for guarding the cut after the defendants' logs had passed through it, and, that he might recover for the expenses and wages, while returning, of those men who returned immediately after these logs had passed the cut, and for such expenses and wages, thus incurred, as the plaintiff was bound to pay, either by an express or implied contract; but that for the expenses and wages of such as he had a right to discharge at the cut, and such as remained there, and went into other business, he could not recover.

Whatever expenses the plaintiff was bound to pay, under his engagement with the men employed for the purposes mentioned, would seem to be incurred in "connection therewith," and were within the terms and meaning of the contract with the defendants. The expenses claimed are such as might ordinarily result from the nature of the employment in a distant, and comparatively uninhabited territory, and such as the defendants would be likely to understand were embraced in the provisions of their contract. That contract does not limit the expenses, to be paid by the defendants, to the mere expenses of "bringing up" the men, but includes the expenses incurred by the *plaintiff*, in "bringing up" the men, for the purposes specified, and such other expenses as he might incur in connection therewith.

What expenses the plaintiff did thus in fact incur, was a question for the jury ; and, in our opinion, that question was forcibly presented by the instructions.

*Exceptions overruled. Judgment on the verdict.*